<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DESMOND ALEXANDER ALBRIGHT,<br><br>    Plaintiff,<br><br>    v.<br><br>PRESIDENT JOE BIDEN, *et al.*,<br><br>    Defendants. | No. 25cv12046 (EP) (JBC)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

*Pro se* Plaintiff Desmond Alexander Albright, a prisoner at the Hudson County Correctional Center in Kearny, New Jersey, alleges numerous federal, state, and common law causes of action regarding a plan he developed to eliminate the United States' national debt. D.E. 1 ("Complaint"). Plaintiff has not paid the applicable $350 filing fee for a civil case under 28 U.S.C. § 1914(a), nor the $55 administrative fee under Appendix K to the Local Civil Rules.

Plaintiff did, however, submit an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a). D.E. 1-1 ("IFP Application"). 28 U.S.C. § 1915(a) sets forth the requirements for proceeding IFP:

> (1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> (2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or

> institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

When he filed his IFP Application on June 16, 2025, Plaintiff appears to have submitted an account statement only for March 2025 through June 2025, IFP Application at 4, even though he indicates that he has been incarcerated since December 1, 2024, *id.* at 2. Accordingly, Plaintiff has not submitted the required six-month institutional account statement and has therefore not met the requirements for IFP status under 28 U.S.C. § 1915(a).

Given that Plaintiff has not met the requirements for IFP status or paid the required filing fees, pursuant to Local Civil Rule 54.3(a):

> Except as otherwise directed by the Court, the Clerk shall not be required to enter any suit, file any paper, issue any process or render any other service for which a fee is prescribed by statute or by the Judicial Conference of the United States, nor shall the Marshal be required to serve the same or perform any service, unless the fee therefor is paid in advance. The Clerk shall receive any such papers in accordance with L.Civ.R. 5.1(f).

Local Civil Rule 5.1(f), in turn, provides that "[a]ny papers received by the Clerk without payment of such fees as may be fixed by statute or by the Judicial Conference of the United States for the filing thereof shall be marked 'received' and the date and time of receipt shall be noted thereon." Accordingly,

**IT IS**, on this 26th day of <u>August</u> 2025,

**ORDERED** that Plaintiff's IFP Application, D.E. 1-1 is **DENIED** *without prejudice*; and it is further

**ORDERED** that the Clerk of Court shall mark the Complaint, D.E. 1, received; and it is further

**ORDERED** the Clerk of Court shall **ADMINISTRATIVELY TERMINATE** this action due to Plaintiff's failure to satisfy the filing fee requirement or alternatively submit a properly completed IFP application; and it is further

**ORDERED** that if Plaintiff wishes to reopen this action he shall either, within **30 days** of entry of this Order: (1) pay the $405 civil filing and administrative fees, pursuant to 28 U.S.C. § 1914(a) and Appendix K to the Local Civil Rules; or (2) submit a properly completed IFP application including a six-month institutional account statement under 28 U.S.C. § 1915(a); and it is further

**ORDERED** that the Clerk of Court shall send Plaintiff a blank form "Affidavit of Poverty and Account Certification (Civil Rights)," DNJ-Pro Se-007-A-(Rev.12/2023) by regular mail; and it is finally

**ORDERED** that the Clerk of Court shall send a copy of this Order to Plaintiff by regular mail.

                                                             */s/ Evelyn Padin*
                                                            Evelyn Padin, U.S.D.J.