<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DESMOND ALEXANDER ALBRIGHT,<br><br>    Plaintiff,<br><br>    v.<br><br>PRESIDENT JOE BIDEN, *et al.*,<br><br>    Defendants. | No. 25cv12046 (EP) (JBC)<br><br>**OPINION** |

**PADIN, District Judge.**

*Pro se* Plaintiff Desmond Alexander Albright, a prisoner at the Hudson County Correctional Center in Kearny, New Jersey, alleges numerous federal, state, and common law causes of action regarding a plan he developed to eliminate the United States' national debt. D.E. 4 ("Amended Complaint").

Plaintiff also seeks to proceed *in forma pauperis* ("IFP"). D.E. 5 ("Amended IFP Application"). Because Plaintiff demonstrates financial need, the Court will **GRANT** his Amended IFP Application. The Court must also screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court will **DISMISS** the Amended Complaint *without prejudice* as frivolous and allow Plaintiff **45 days** to file a proposed second amended complaint.

**I.   LEGAL STANDARD**

Under § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).

When granting leave to proceed IFP, courts must examine whether the complaint is frivolous, malicious, or asserts a claim against a defendant immune from monetary relief. *See* 28

U.S.C. § 1915(e)(2)(B)(i)–(iii).  A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Complaints may also be dismissed where they fail to state a claim, a standard identical to the one utilized for motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)).  To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556 (citation omitted).

A *pro se* plaintiff's complaint must be liberally construed.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).  Accordingly, when construing a *pro se* plaintiff's complaint, the court will "apply the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  However, *pro se* litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."  *Id.*

II.   ANALYSIS

A.   **The Court Will Grant Plaintiff's Amended IFP Application**

On August 26, 2025, the Court denied without prejudice Plaintiff's initial IFP application, D.E. 1-1 ("IFP Application"), due to his failure to submit a properly completed application.  D.E. 3 ("Order Denying IFP").

Plaintiff's Amended IFP Application remedies the errors identified in the Court's Order Denying IFP.  And having reviewed Plaintiff's Amended IFP Application, the Court determines

that Plaintiff has "establish[ed] that he is unable to pay the costs of his suit." *Walker*, 886 F.2d at 601.  Therefore, the Court will **GRANT** Plaintiff's Amended IFP Application.

### B. Plaintiff's Amended Complaint Is Frivolous

"To be frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i), "a claim must rely on an 'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario." *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (quoting *Neitzke*, 490 U.S. at 327– 28; then citing *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989)).

As the Hon. Madeline Cox Arleo, U.S.D.J. recently explained in dismissing a similar complaint filed by Plaintiff, this action "is the very type of lawsuit 28 U.S.C. § 1915(e)(2)(B)(i) intended to address." *Albright v. Biden, et al.*, No. 25-3607, D.E. 9 (Aug. 5, 2025).  Here, as in the action before Judge Arleo,

> [w]hile exceedingly difficult to discern from the pleadings, Plaintiff claims to have developed a proprietary plan to eliminate the United States of America's national debt.  Plaintiff calls this alleged patented process "Monetary Restoration," which apparently involves the Treasury Department printing more money and the Federal Reserve not taking existing bills out of circulation.  Plaintiff alleges that he sent a letter detailing his plan—which he calls "Operation Deficit"—to at least some of the . . . named Defendants, which include the United States of America, past and present politicians and members of the federal and state governments, private citizens, and corporations. . . . It is unclear how Defendants' alleged conduct gives rise to the [numerous] federal, state, and common law causes of action, but it appears that Plaintiff's main grievance is that no Defendant paid attention to, advanced, or implemented Operation Deficit.

*Id.* at 2 (citations omitted); *see also generally* Amended Complaint.

As Judge Arleo did with respect to the similar claims before her, this Court concludes that the scattershot twenty-four claims Plaintiff brings against the thirty-four named Defendants (including Presidents Biden and Trump) in the Amended Complaint at issue here based on those Defendants' failure to implement his propriety plan to eliminate the national debt are "clearly baseless" and rely on a "fantastic or delusional factual scenario." *See Mitchell*, 318 F.3d at 530;

*see also Pavalone v. Bush*, No. 11-1620, 2012 WL 1569614, at *2 (M.D. Pa. Mar. 27, 2012) (holding that the "plaintiff's claims that the current and three former Presidents of the United States ha[d] been harassing, annoying and terrorizing him for the past six years . . . [were] subject to dismissal as being frivolous"), *report and recommendation adopted*, 2012 WL 1569791 (M.D. Pa. May 3, 2012); *Armstead v. Briggs*, No. 03-145, 2004 WL 339647, at *2 (D. Del. Feb. 17, 2004) (dismissing as frivolous claims "requesting that the [c]ourt set up an appointment for [the plaintiff] with President George W. Bush, so that she could tell him that she ha[d] filed a lawsuit seeking his permanent appointment as the President of the United States").

The Court will accordingly **DISMISS** *without prejudice* the Amended Complaint as frivolous.

### III.  CONCLUSION

For the foregoing reasons, the Court will **GRANT** Plaintiff's Amended IFP Application and **DISMISS** the Amended Complaint *without prejudice*. Plaintiff may file a proposed second amended complaint that cures the deficiencies herein within **45 days** of the Order accompanying this Opinion. An appropriate Order accompanies this Opinion.

Dated: January 28, 2026

_____
Evelyn Padin, U.S.D.J.